[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1622

 ALEJANDRO G. ZUKER,

 Plaintiff, Appellant,

 v.

 PATRICIA K. ANDREWS,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Reginald C. Lindsay, U.S. District Judge]

 Before

 Stahl, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 Alejandro Gustavo Zuker on brief pro se.
 Anne Marie Corraro and Thomas J. Barbar on brief for appellee.

April 9, 1999

 Per Curiam. Petitioner-Appellant Alejandro Zuker
appeals from the district court's denial of his petition for
the return of his five-year-old child, pursuant to the Hague
Convention on the Civil Aspects of Child Abduction ("the
Convention"), as implemented by the International Child
Abduction Remedies Act ("ICARA"), 42 U.S.C. 11601 et seq. 
The petition alleged that Respondent-Appellee, Patricia K.
Andrews, had wrongfully retained the parties' child, Sasha
Andrew Zuker, from his "habitual residence" in Argentina.
 "[A] child's habitual residence is the place where he
or she has been physically present for an amount of time
sufficient for acclimatization and which has a 'degree of
settled purpose' from the child's perspective. . . . [A]
determination of whether any particular place satisfies this
standard must focus on the child and consists of an analysis of
the child's circumstances in that place and the parents'
present, shared intentions regarding their child's presence
there." Feder v. Evans-Feder, 63 F.3d 217, 224 (3d Cir. 1995). 
To find "settled purpose," it is not necessary to find that
there is an intention to stay in the place indefinitely. See
id. at 223. The purpose "'may be for a limited period.
Education, business or profession, employment, health, family
or merely love of the place spring to mind as common reasons
for a choice of regular abode . . . .'" Id. (quoting re Bates,
No. CA 122-89, High Court of Justice, Family Div'l Ct. Royal
Courts of Justice, United Kingdom (1989)).
 The district court made no legal error in concluding
that at the time of the retention, in February 1997, the
child's habitual residence was Massachusetts. On appeal,
petitioner argues that the district court erred because the
requisite element of "shared intent" was missing. We disagree. 
The evidence supports a finding that by February 1997, the
parties had a "present shared intent" that Andrews and Sasha
would stay, at least temporarily, in Massachusetts where
Andrews had work and Sasha was enrolled in daycare. That
Andrews and Zuker had not reached agreement about where the
family ultimately would settle is immaterial. See re Bates,
supra.
 The district court judgment dated April 10, 1998,
dismissing the Petition for Return of Child is affirmed. See
Loc. R. 27.1. Appellee's motion to strike certain exhibits to
Appellant's Brief is denied as moot.